**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0757-19

WELLS FARGO BANK, N.A.
as TRUSTEE FOR OPTION
ONE MORTGAGE LOAN
TRUST 2007-6 ASSET-
BACKED CERTIFICATES,
SERIES 2007-6,

     Plaintiff-Respondent,

v.

MURTAZA ALI KHAN and
SYEDA SHAHNOOR KHAN,

     Defendants-Appellants.

_____

Submitted January 6, 2021 – Decided April 15, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-018496-18.

Murtaza Ali Khan and Syeda Shahnoor Khan, appellants pro se.

Stradley, Ronon, Stevens & Young, LLP, attorneys for respondent (Len A. Fisher, on the brief).

PER CURIAM

Pro se defendants Murtaza Ali Khan[1] and Syeda Shahnoor Khan appeal from a June 21, 2019 order granting summary judgment in favor of plaintiff Wells Fargo Bank, N.A. as trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6, and denying Ms. Khan's cross-motion for summary judgment. We affirm.

On March 2, 2007, Murtaza Ali Khan executed and delivered a note in the sum of $768,750 in favor of First Interstate Financial Corporation, its successors and assigns. To secure payment on the note, Mr. Khan and his wife, defendant Syeda Shahnoor Khan, executed a non-purchase money mortgage as co-mortgagors to Mortgage Electronic Registration Systems, Inc., as nominee for First Interstate Financial Corporation, its successors and assigns. Defendant was a signatory to the mortgage, but not the note. Covenant thirteen of the mortgage provides:

> [A]ny Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): . . . (c) agrees that Lender and any other Borrower can agree to

---

[1] Mr. Khan never appeared in the foreclosure action, and his first filing in this action was his Notice of Appeal. Because he failed to enter an appearance or raise any arguments or defenses up to and including at the summary judgment stage, Mr. Khan is not a proper party to this appeal. Regardless, Mr. Khan presents the same arguments for our consideration as his wife. Therefore, we will address only Ms. Khan's arguments.

A-0757-19

extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

On March 8, 2007, the mortgage was assigned to Option One Mortgage Corporation. On October 27, 2009, the mortgage was assigned to plaintiff.

After defaulting on the loan, Mr. Khan and plaintiff executed a loan modification and shared appreciation agreement in September 2016. The amended terms lowered the interest rate, reduced monthly payments, and cured Mr. Khan's default. The first payment under the modified agreement was due on December 1, 2016. The agreement also required Mr. Khan to make a final "balloon payment" for the full amount of the outstanding balance on July 1, 2037.

Mr. Khan, but not defendant, signed a disclosure of the balloon feature explaining its terms. The disclosure did not list the amount that would be due on the final balloon payment. A provision directly above the date and signature lines on the disclosure reads:

*All individuals on the title (even if not a borrower on the note) must sign this agreement. If there are more than two title holders to this property, please have them sign below.

The modification agreement was to supplement and amend the note secured by the mortgage. Paragraph 4(E) of the agreement states:

A-0757-19

> [A]ll terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Servicer and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

Mr. Khan failed to make the monthly payment due on April 1, 2018, and all payments thereafter. Consequently, plaintiff commenced foreclosure proceedings on June 4, 2018. Mr. Khan was served with Notice of Intent to Foreclose by regular and certified mail. On September 7, 2018, plaintiff filed a foreclosure complaint. On November 12, 2018, defendant filed a certification in lieu of an answer, requesting dismissal of plaintiff's complaint. On December 7, 2018, defendant filed an answer. Mr. Khan did not respond.

On January 16, 2019, a case management conference was held and a discovery order was entered. The discovery order directed the parties to exchange responses to written discovery requests by April 19, 2019. Defendant alleges she received plaintiff's answers to interrogatories almost two weeks late. Despite the late submission, defendant failed to file a motion to compel or to extend discovery.

4

On May 20, 2019, plaintiff moved for summary judgment with a return date of June 21, 2019. On June 11, 2019, defendant filed a cross-motion for summary judgment, with the return date of June 21, 2019, and waiving oral argument. She did not, however, respond to plaintiff's statement of undisputed facts.

With its motion for summary judgment, plaintiff submitted the certification of Guirlene Dolcine, a Contract Management Coordinator for plaintiff's loan servicer. The certification is based on Dolcine's personal review of relevant business records and sets forth a factual basis for the note's execution, chain of possession, assignment and recording history, and Mr. Khan's default.

On June 18, 2019, plaintiff filed opposition to defendant's cross-motion. Later that day, the trial judge's law clerk contacted defendant to inform her that the hearing was rescheduled to June 20, 2019, and indicated that plaintiff had filed its opposition to her cross-motion. On June 19, 2019, defendant faxed a letter to the judge's chambers requesting an adjournment because she had not yet received or reviewed plaintiff's opposition.[2] On the same day, the law clerk

---

[2] Plaintiff produced a certification indicating its opposition to defendant's cross-motion was sent via Federal Express to the mortgaged property on June 18, 2019.

A-0757-19

faxed a copy of plaintiff's opposition to the number defendant used to fax her letter to the court. The trial judge granted defendant's request and adjourned the hearing until June 21, 2019.

On June 20, 2019, the judge received a second letter from defendant, requesting another adjournment to allow her to review the opposition and possibly retain counsel. She argued that in light of plaintiff's late submission of discovery materials, and its failure to serve her with its opposition, she should be given more time to prepare a response. The trial judge denied the request and confirmed the motion was scheduled on June 21, 2019.

On the return date, plaintiff appeared but defendant did not. On the record, the judge explained that she denied defendant's request for an adjournment for several reasons. First, Rule 1:6-3 does not permit a cross-movant to submit a reply to the opposition of their cross-motion without leave of the court. Second, although plaintiff allegedly did not timely respond to defendant's request for answers to interrogatories, she received them well before the close of discovery, giving her "plenty of time" to consider a response. Additionally, defendant did not make any objection when she received the discovery. Finally, the judge noted that during the January 16, 2019 case management conference, she explained to defendant that plaintiff would almost

6

certainly move for summary judgment. Therefore, the judge found defendant had ample opportunity to retain counsel and another adjournment, requested on the eve of the return date, was not appropriate.

In light of defendant's absence, the judge decided not to hear arguments regarding plaintiff's right to foreclose and rendered her decision on the motion papers. Relying on the Dolcine certification, the judge found plaintiff had established a prima facie showing of its right to foreclose. She noted that defendant did not address the foreclosure issue in her cross-motion. Rather, the arguments she advanced related to the loan modification agreement's execution without her consent. The judge found covenant thirteen of the mortgage allowed Mr. Khan and the lender to execute the loan modification without defendant's consent. Further, because she was not a party to the loan modification agreement, plaintiff was not required to provide defendant with notice of the balloon provision. Therefore, the judge found the loan modification agreement was valid and that defendant failed to raise any genuine dispute regarding plaintiff's right to foreclose. Accordingly, the judge granted plaintiff's motion for summary judgment and denied defendant's cross-motion.

On appeal, defendant raises the following issues for our review:

POINT I

7

THE TRIAL COURT ACTED UNFAIRLY AND UNREASONABLY IN DENYING [DEFENDANT'S] SHORT ADJOURNMENT REQUEST TO ALLOW [HER] TO RECEIVE AND REVIEW PLAINTIFF'S REPLY SUBMISSION TO THE COURT AND . . . TO OBTAIN COUNSEL.

POINT II

THE TRIAL COURT ERRED IN AUTHORIZING THE FORECLOSURE OF A MODIFIED MORTGAGE [THAT] WAS NEVER EXECUTED BY OR ASSENTED TO BY DEFENDANT . . . AND WHICH [INCLUDED A] BALLOON FEATURE [THAT] WAS NEVER LAWFULLY DISCLOSED TO . . . MURTAZA ALI KHAN.

POINT III

THE TRIAL COURT FAILED TO READ ALL INFERENCES IN FAVOR OF DEFENDANT AS REQUIRED IN A MOTION FOR SUMMARY JUDGMENT.

This court "review[s] the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012)). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the

A-0757-19

moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The evidence must be viewed "in the light most favorable to the non-moving party[.]" Mem'l Props., LLC, 210 N.J. at 524 (citing Brill Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)).

Defendant argues her request for an adjournment to review plaintiff's opposition and possibly retain counsel was improperly denied. Because she received the opposition on June 19, 2019, defendant had only two days to prepare a response before the hearing. As English is her second language, defendant contends she was unfairly prejudiced because she was not given enough time to comprehend what was going to take place.

Initially, we note that defendant was not automatically entitled to file a response to plaintiff's opposition. If a cross-motion is germane to the original motion, a cross-movant may not file a reply to their adversary's opposition without leave of the court. Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 1:6-3 (2021). She also waived oral argument. Thus, if defendant could not file a reply and did not intend to argue her motion before the court, we are perplexed as to how she was prejudiced.

Regardless, defendant's contentions are belied by the record which suggests, in fact, the motion judge apprised defendant of all the facts necessary

9

to make an informed decision regarding her representation. On January 16, 2019, during the case management conference, the judge warned defendant that plaintiff would likely file a motion for summary judgment prior to the trial date. On May 20, 2019, plaintiff moved for summary judgment. That provided more than four months to retain counsel, which she chose not to do. Defendant has participated in this litigation since November 2018. One day before the return date of plaintiff's motion for summary judgment, which was likely dispositive of the foreclosure action, defendant requested an adjournment to possibly retain counsel. Under those circumstances, we find the request was properly denied. Because defendant made a conscious decision to proceed as a pro se litigant, her decision not to retain counsel earlier in the litigation is not grounds for an adjournment, or reversal.

With regard to the modification agreement, defendant argues the motion judge misapplied the law in two respects. First, defendant asserts the loan modification agreement is invalid because it altered the terms of the mortgage without her consent. That premise is incorrect. The loan modification agreement amended only the repayment schedule of the loan secured by the mortgage, it did not alter or amend the terms of the mortgage. Moreover, even if the terms of the mortgage were modified, which they were not, covenant

A-0757-19

thirteen of the mortgage expressly authorized Mr. Khan, as the sole signatory of the note, to "agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent." The mortgage agreement required defendant to forfeit her interest in the mortgaged property if her husband did not make timely payments on the note. Because the terms of the mortgage were not amended by the modification agreement, defendant's rights were not affected by its execution. Therefore, defendant is still bound by the terms of the mortgage.

Defendant also argues plaintiff violated certain provisions of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 to 1667f, which required plaintiff to disclose the amount of the final balloon payment to Mr. Khan before executing the loan modification. She also points to the clause directly above the signature line on the balloon disclosure, which required the signature of all individuals on the title to the mortgaged property. Defendant argues the alleged TILA violation as well as plaintiff's failure to obtain her signature, renders the entire agreement unenforceable.

The "TILA seeks to 'protect . . . consumer[s] against inaccurate and unfair credit billing and credit card practices' and promote 'the informed use of credit' by 'assur[ing] a meaningful disclosure' of credit terms." Vincent v. The Money

11

Store, 756, F.3d 88, 105 (2d Cir. 2013) (alterations in original) (quoting 15 U.S.C. § 1601(a)); see also Strubel v. Comenity Bank, 842 F.3d 181, 186 (2d Cir. 2016). Lenders must "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).

With regard to mortgages, the TILA promotes the informed use of credit by requiring mortgage lenders to make certain disclosures to borrowers before consummation of the transaction. 15 U.S.C. § 1638(a). If the terms of the loan agreement require a balloon payment, defined as a payment that is more than two times a regular periodic payment, a balloon disclosure is required. 12 C.F.R. § 226.18(s)(5)(i). A balloon disclosure requires lenders to list the estimated amount that will be due on the final balloon payment. Ibid. Similar disclosures are required when a consumer refinances their mortgage. 12 C.F.R. § 226.20(a). "A refinancing occurs when an existing obligation that was subject to this subpart is satisfied and replaced by a new obligation undertaken by the same consumer." Ibid.

However, "[a] reduction in the annual percentage rate with a corresponding change in the payment schedule" is not "treated as a refinancing

. . . ." 12 C.F.R. § 226.20(a)(2). In this case, the loan modification agreement merely altered the interest rate, lowered monthly payments, and required a final balloon payment. It did not result in the satisfaction of any obligation under the original loan. Paragraph 4(E) of the modification agreement makes clear that the obligations under the original note were not extinguished and remained in full force and effect.

Because the loan modification agreement amended the terms of the original note, it did not represent a new credit transaction triggering TILA protections, therefore a balloon disclosure was not required. See Ryder v. J.P. Morgan Chase Bank, 767 Fed. App'x 29, 31-32 (2d Cir. 2019) (holding loan modification agreements, unlike mortgage refinances, do not require supplemental TILA disclosures upon execution). Accordingly, plaintiff was not obligated to provide defendant or husband with a balloon disclosure, and the absence of her signature on the disclosure page is immaterial.

Lastly, defendant argues the motion judge incorrectly applied the summary judgment standard in concluding plaintiff had established its right to foreclose on the mortgaged property. Our review of the record, however, reveals defendant failed to dispute any facts material to plaintiff's right to foreclose.

13

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises" Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). "[E]xecution, recording, and non-payment of the mortgage" must be demonstrated by a party seeking to foreclose. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). "A certification will support the grant of summary judgment only if the material facts alleged therein are based, as required by Rule 1:6-6, on 'personal knowledge.'" Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599 (App. Div. 2011) (citing Claypotch v. Heller, Inc., 360 N.J. Super. 472, 489 (App. Div. 2003)).

Preliminarily, we note defendant's failure to respond to plaintiff's statement of undisputed facts in support of its motion for summary judgment. Rule 4:46-2(b) requires a party opposing a motion to "file a responding statement either admitting or disputing each of the facts in the movant's statement." Unless specifically disputed in the responding statement, "all material facts in the movant's statement which are sufficiently supported will be deemed admitted . . . ." R. 4:46-2(b). As defendant did not provide a responding statement, all supported facts in plaintiff's statement are deemed admitted.

14

The record amply supports the motion judge's determination that plaintiff was entitled to foreclose. Paragraph three of the Dolcine certification, the note, and the mortgage establish execution of the note. Paragraphs six and seven of the Dolcine certification list the chain of possession and recording history of the note. The assignment and recording receipts were also attached as exhibits. Paragraphs nine and eleven of the Dolcine certification establish non-payment of the mortgage. Finally, paragraph one of the Dolcine certification indicates all of the certified statements were based upon Ms. Dolcine's personal review of business records.

Consequently, the Dolcine certification is sufficient, Wells Fargo Bank, N.A., 418 N.J. at 599, to establish all of the necessary elements to a foreclosure action. Thorpe, 20 N.J. Super. at 37. In her cross-motion for summary judgment and on appeal, defendant does not challenge the execution or recording of the note, or her husband's failure to make timely payments. Therefore, the motion judge did not err in finding plaintiff had proven its right to foreclose.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15